UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON.

Plaintiff,

vs.

MP QUAIL CHASE LLC,

Defendant.

No. CIV S-11-1275 KJM-GGH

ORDER

______________________________________/

This matter is before the court on defendant's motion for summary judgment and an order declaring plaintiff a vexatious litigant. A hearing was held on August 24, 2012; Scott N. Johnson, an attorney, appeared pro se, and Kathleen E. Finnerty appeared on behalf of defendant. For the following reasons, defendant's motion for summary judgment is granted; its motion for an order declaring plaintiff a vexatious litigant is denied.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed his complaint seeking injunctive and declaratory relief and statutory damages on May 12, 2011, alleging two causes of action: 1) violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), and 2) violation of the Unruh Civil

Rights Act, CAL. CIV. CODE §§ 51(f) and 52. (ECF 1.) Plaintiff alleges he is quadriplegic and requires the use of a service animal, wheelchair, and a full-size van with a passenger side wheelchair lift. (ECF 1 ¶ 1.) Plaintiff alleges he encountered the following architectural barriers at the Park on Riley apartment complex, owned by defendant: "the correct number and type of properly configured disabled parking space(s) including the lack of a van accessible disabled parking space [], accessible route [], accessible entrance [], accessibility signage, and striping [were lacking]." (*Id.* ¶¶ 2-4.) Plaintiff alleges he has had "two (2) actual visits during the past year in which he encountered the mobility related architectural barriers . . . one of which was on or about February 11, 2011 [and] was deterred and foregone two (2) visits to the [Park on Riley Complex] during the past year [which are] based upon personal knowledge of existing mobility related architectural barriers . . . ." (*Id.* ¶ 4.) He alleges he mailed a letter, dated November 11, 2010, to defendant on November 12, 2010, notifying it of the lack of accessibility and requesting that the property be brought into conformity within ninety days. (*Id.* ¶ 4.)

Plaintiff has been a member of the California State Bar since 1993. (Pl.'s Response to Def.'s Statement of Undisputed Facts ¶ 7, ECF 28 (hereinafter, "ECF 28").) Between November 9, 2004 and April 25, 2012, plaintiff filed over two thousand cases under Title III of the ADA, none of which went to trial. (*Id.* ¶¶ 1, 3.) Between December 2009 and January 2012, plaintiff filed over 215 ADA lawsuits against apartment complexes in the Sacramento area. (*Id.* ¶ 11.)

Plaintiff has lived in a single family home in Carmichael, California since 1993; the home has custom modifications for accessibility. (ECF 28 ¶¶ 23-24.) Plaintiff does not intend to move from his current home and did not so intend at the time he filed the present lawsuit. (*Id.* ¶¶ 25-26.)

////

Defendant filed the present motion for summary judgment and for an order declaring plaintiff a vexatious litigant on May 7, 2012. (ECF 14.) Defendant filed a request for dismissal with prejudice on May 10, 2012 (ECF 25), which was denied on July 19, 2012 (ECF 38).[1] Plaintiff filed his opposition to defendant's motion for summary judgment on June 29, 2012. (ECF 27.) Defendant filed its reply on July 6, 2012. (ECF 31.) Plaintiff also filed a declaration on August 20, 2012, without seeking or obtaining permission of the court; the court has not considered the declaration. (ECF 39.)

## II. SUMMARY JUDGMENT

### A. Standard

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[2]

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular

---

[1] As a preliminary matter, the court notes plaintiff contests the court's jurisdiction in his opposition to defendant's motion, based on the same reasons stated in his request for voluntary dismissal. (ECF 27 at 12.) As the court considered those reasons in denying dismissal, it does not revisit them here.

[2] Rule 56 was amended, effective December 1, 2010. However, it is appropriate to rely on cases decided before the amendment took effect, as "[t]he standard for granting summary judgment remains unchanged." FED. R. CIV. P. 56, Notes of Advisory Comm. on 2010 amendments.

parts of materials in the record . . .; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). Moreover, "the requirement is that there be no genuine issue of material fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247-48 (emphasis in original).

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co*., 391 U.S. 253, 289 (1968)). "Only admissible evidence may be considered in ruling on a motion for summary judgment." *Collier v. Turner Indus. Group, L.L.C.*, 797 F. Supp. 2d 1029, 1039 (D. Idaho 2011) (citations omitted); *see also Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992) ("[T]he facts underlying the affidavit must be of a type that would be admissible as evidence . . . .").

B. Standing

Defendant contends it is entitled to summary judgment because plaintiff does not have standing. (ECF 14 at 7.) Specifically, defendant contends plaintiff has not suffered an injury in fact as he did not encounter the barriers of which he complains, but instead only took photographs of them. (*Id.* at 8.) Defendant further contends any injuries plaintiff alleges are

conjectural or hypothetical, not real and immediate, as plaintiff has no intent to return to defendant's property. (*Id.* at 8, 10.)

Plaintiff contends "[t]o deny me standing in this case, would deny me the chance to find an accessible apartment complex for my son." (ECF 27 at 2.) He contends he has visited the apartment complex on three different occasions; he provides only two dates, February 11, 2011, and April 9, 2011. (*Id.* at 3.) He maintains he could not access the leasing office on these two occasions because the property did not have compliant van-accessible disabled parking spaces. (*Id.*)

"[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports*, 631 F.3d 939, 946 (9th Cir. 2011).[3] "To demonstrate standing, a plaintiff must (1) have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . traceable to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court; and (3) it must be likely as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Pritikin v. Dep't of Energy*, 254 F.3d 791,

[3] Although plaintiff relies extensively on a concurrence in *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1069 (9th Cir. 2009), in which the judge discusses the broad standing provisions of the ADA and the Unruh Act, the Ninth Circuit has explicitly held an ADA plaintiff must demonstrate Article III standing as discussed below. Accordingly, while "any person" may bring a claim under the ADA, that person must be "subjected to discrimination on the basis of disability" or have "reasonable grounds for believing that such person is about to be subjected to discrimination." 42 U.S.C. § 12188(a)(1). Moreover, though the Ninth Circuit has recognized "it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA," *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007), such individuals must still show they have standing to bring suit.

796-97 (9th Cir. 2001) (internal quotation marks and citations omitted) (alterations in original). "[W]hen an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability." *Chapman*, 631 F.3d at 944. That plaintiff can establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Id.* Moreover, "to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [plaintiff] must demonstrate a real and immediate threat of repeated injury in the future." *Id.* at 946 (quotation marks and citation omitted). "The party asserting federal jurisdiction bears the burden" of demonstrating he has standing at every stage of litigation. *Krottner v. Starbucks Corp*., 628 F.3d 1139, 1141 (9th Cir. 2010); *Chapman*, 631 F.3d at 946.

1. Injury-in-Fact and Intent to Return

Under the ADA, where a plaintiff has encountered an accessibility barrier, that plaintiff's "full and equal access" is impaired; this impairment constitutes discrimination sufficient to establish an injury-in-fact. *Chapman*, 631 F.3d at 947. Defendant does not deny that the accessibility barriers alleged by plaintiff existed here; defendant challenges plaintiff's allegation that he "encountered" these barriers. (ECF 14 at 8.) Specifically, defendant contends plaintiff only took photographs of the alleged barriers. (*Id.*) However, the barriers of which plaintiff complains, particularly the lack of van-accessible disabled parking spaces, by their nature, precluded plaintiff from exiting his vehicle. As plaintiff contends, "[i]f I was to park in a non-van-accessible disabled parking space, I could be blocked from re-entering my van or encounter safety issues." (ECF 27 at 3.) Once plaintiff shows he personally encountered one

barrier, he "has standing to seek an order requiring the removal of all barriers . . . that are related to his disability and that he is likely to encounter on future visits." *Chapman*, 631 F.3d at 951.

In addition to demonstrating an injury-in-fact, an ADA plaintiff seeking injunctive relief "must establish a real and immediate threat of repeated injury." *Chapman*, 631 F.3d at 948 (quotation marks and citation omitted). "In determining whether a plaintiff's likelihood of returning to a defendant [property] is sufficient to confer standing, courts have examined factors such as '(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant.'" *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005) (quoting *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 947 n.10 (C.D. Cal. Mar. 14, 2005)). "'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *Id.* at 1112 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

a. Proximity

Plaintiff contends he was looking for an apartment for his son.[4] (Finnerty Decl. ¶ 9, Johnson Dep., Nov. 21, 2011, 15:5-23, ECF 23-1.) Both he and his son currently reside in

////

[4] Although plaintiff claims to have also been looking at rental applications because he offers housing scholarships to other persons with disabilities, he does not provide any evidence to demonstrate any connection between these scholarships and an apartment search. Three of the declarations he provides from these scholarship recipients include an allegation that plaintiff was looking for an apartment complex for the recipient; these three recipients do not allege mobility disabilities. (*See* ECF 30 (Bush Decl. ¶ 3; Tarr Decl. ¶ 3; Sheryl Johnson Decl. ¶ 3.)) The other recipients say only that they are "aware that Mr. Johnson can assist" them with relocating their residence. (*Id.* (Benning Decl. ¶ 3; Ludwig Decl. ¶ 3; Tucker Decl. ¶ 3; Wooten Decl. ¶ 3; Souza Decl. ¶ 3.)) None of these declarations provides information regarding where the recipients are interested in relocating to or any other material to aid the court in its analysis. It is plaintiff's burden to demonstrate standing and these declarations are insufficient to meet the burden.

Carmichael, which is approximately twelve miles from Folsom. *See* www.google.com/maps (the "Directions" function indicates that Carmichael is just over a twelve-mile drive from Folsom).[5] This proximity is sufficient to confer standing. *Cf. Jones v. Sears Roebuck & Co.*, No. 2:05-CV-0535-MCE-KJM, 2006 WL 3437905 at *3 (E.D. Cal. Nov. 29, 2006) ("Courts have consistently maintained that a distance over 100 miles weighs against finding a reasonable likelihood of future harm.").

b. Past Patronage

Plaintiff had never been to the Park on Riley before February 11, 2011, the date he alleges he first visited. (ECF 28 ¶ 41.) In addition, he did not know anyone residing there, nor has he ever known anyone residing there. (*Id.* ¶¶ 39-40.) This factor does not support standing.

c. Definiteness of Plans to Return

"Standing cannot be established 'by respondents' mere profession of an intent, some say, to return.'" *Molski v. Mandarin Touch Rest.*, 385 F. Supp. 2d 1042, 1046 (C.D. Cal. 2005) (quoting *Lujan*, 504 U.S. at 564 n.2)). As stated above, plaintiff does not know anyone who lives in the Park on Riley complex. Furthermore, his mere contention that he provides monetary assistance to disabled persons is not evidence of an intent to return, especially in light of his admission that he has never visited the apartments of the recipients. (Johnson Decl. ¶ 11, ECF 29; Johnson Dep. 32:22-24, 33:2-7.)[6] Defendant has provided the court with a list of 2,084

---

[5] The court may take judicial notice of a Google map "as a source whose accuracy cannot reasonably be questioned." *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (internal quotation marks, citation, and alterations omitted).

[6] Plaintiff's statement in his declaration that within the last month prior to signing his declaration, he "visited all of the apartment complexes of the students and persons with disabilities which [he] assist[s] with monetary assistance" is a prime example of a self-serving declaration. (Johnson Decl. ¶ 23.) Plaintiff cannot establish standing through actions undertaken after the complaint has been filed.

cases filed by plaintiff between November 9, 2004 and April 25, 2012, over 215 of which have been filed against apartment complexes.[7] (Finnerty Decl. ¶¶ 2-3, Ex. A, ECF 20-1.) As of the filing of this lawsuit, he had not obtained a rental application from defendant, nor had he filled out any applications for an apartment for his son in any complex. (Johnson Dep., 25:13-16, ECF 23-1.) In addition, plaintiff admits his son has plans to transfer to an as yet unknown four-year school. (Johnson Dep., 10:17-24, ECF 23-1.) Most glaringly, plaintiff admits he has no concrete plans to return to defendant's complex and is unable to identify any apartment complexes he has sued to which he has returned after the conclusion of the lawsuit. (Johnson Dep., 64:14-24, 71:16-72:25.) Plaintiff's "track record demonstrates that he rarely returns to the businesses he sues." *Mandarin Touch*, 385 F. Supp. 2d at 1046.

Although the court must draw all inferences in favor of the non-moving party on a motion for summary judgment, such inferences must be reasonable. Here, plaintiff contends he attempted to access defendant's apartment complex twice before filing suit, on February 11, 2011, and April 9, 2011 (Johnson Decl. ¶ 20, ECF 29), after sending his "notice" informing defendant about the alleged barriers on November 12, 2010 (ECF 1 ¶ 4). Plaintiff then contends he returned to the complex on June 1, 2012, after the present motion had been filed. *See* note 6 *supra*. With these bare facts, plaintiff has failed to establish a material question regarding the definitiveness of his plans to return.

d. Frequency of Nearby Travel

Plaintiff has provided no information from which the court can glean the frequency with which he travels to the Folsom area where defendant's apartment complex is

---

[7] The court takes judicial notice of the list provided by the defense. The fact plaintiff has filed this number of cases "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2).

located. Moreover, the public accommodation at issue is an apartment complex. Drawing all reasonable inferences in favor of plaintiff, the court presumes that even if plaintiff frequently travels in the vicinity surrounding the apartment complex, he is not frequenting the leasing office.

Accordingly, the court finds plaintiff has not demonstrated an intent to return to defendant's property.

2. Deterrence

Plaintiff also can establish standing by demonstrating he was deterred from visiting the public accommodation because of the barriers he encountered. *Chapman*, 631 F.3d at 950. Here, plaintiff has not provided any evidence showing he was deterred from returning to defendant's property.

The court finds plaintiff lacks standing to bring his claims against defendant. Accordingly, defendant's motion for summary judgment is granted.

III. VEXATIOUS LITIGANT

A. Standard

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Evergreen Dynasty Corp*., 500 F.3d at 1057. A district court must examine four factors, known as the *De Long* factors, before entering a pre-filing order: "First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile an adequate record for review. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered." *Id.* (referencing *De Long v. Hennessy*, 912 F.2d 1144 (9th Cir. 1990); quotation marks and citations omitted).

B. Analysis

Defendant contends plaintiff has been an abusive litigant, demonstrated by the volume of lawsuits he has filed, textual and factual similarity of the underlying complaints, incredibility of his allegations, duplicative nature of his claims, and high settlement rate of his lawsuits. (ECF 14 at 15-19.) Defendant contends as a member of the California Bar, plaintiff had to know he lacked standing to bring the present lawsuit and requests that the court issue a pre-filing order. (ECF 14 at 12-13.) Defendant seeks a court order "prevent[ing] Johnson from filing actions under Title III of the ADA in the Eastern District of California without a declaration." (ECF 14 at 20.) Defendant expressly states it is not seeking Rule 11 sanctions. (*Id.* at 12 n.4.) Plaintiff contends that while his complaints are similar in form, the barriers he outlines and dates of visits he provides are different from one complaint to the next. (ECF 27 at 6.) He maintains that although he has filed numerous claims, he identifies the particularized architectural barriers he encounters and includes pictures of the barriers with each complaint. (*Id.* at 7.) Moreover, he seeks neither daily damages nor attorneys' fees and places only a minimum burden on the court and defendants by indicating his interest in voluntary dispute resolution and early settlement conferences. (*Id.* at 8-9.) Plaintiff contends he does not file suit or request damages from defendants who cure within the time period he outlines in the initial notices he sends. (*Id.* at 9-10.) Plaintiff lists a number of ways in which a vexatious litigant order could be more narrowly tailored. (*Id.* at 11.) Plaintiff asks the court to deny any sanctions and to dismiss this case in its entirety with prejudice.[8] (ECF 27 at 12.)

1. Notice and Opportunity to Be Heard

The first *De Long* factor has been met; plaintiff had fair notice that he might be declared a vexatious litigant from the filing of defendant's motion. *See Evergreen Dynasty*,

[8] As noted, the court previously has denied plaintiff's request for dismissal. (ECF 38.)

500 F.3d at 1058 (plaintiff "had fair notice of the possibility that he might be declared a vexatious litigant and have a pre-filing order entered against him because the district court's order was prompted by a motion filed by the defendants and served on [the plaintiff's] counsel").

2. Adequate Record for Review

Regarding the second factor, "[a]n adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Evergreen Dynasty*, 500 F.3d at 1059 (quotation marks and citation omitted). "At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *De Long*, 912 F.2d at 1147. Here, defendant has provided the court with a list of the 2,084 cases filed by plaintiff between November 9, 2004 and April 25, 2012, over 215 of which have been filed against apartment complexes. (Finnerty Decl. ¶¶ 2-3, Ex. A, ECF 20-1.) Defendant further provides fifteen examples of what it refers to as plaintiff's "drive-by tactics." (Finnerty Decl. ¶ 20, Ex. D, ECF 23-2.)[9] There is an adequate record for review before this court.

3. Substantive Findings

With respect to the third *De* Long factor, to make a finding of frivolousness, the court "needs to look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *De Long*, 912 F.2d at 1148 (quotation marks and citation omitted). "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). "An alternative to the finding of frivolousness is the finding that [plaintiff's] claims show a pattern of harassment." *De Long*, 912 F.2d at 1148.

---

[9] The court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2005).

Defendant contends the textual and factual similarities of plaintiff's complaints indicate an intent to harass defendants. (ECF 14 at 16.) However, plaintiff's numerous claims are filed against different defendants for alleged violations of the ADA and Unruh Act specific to a given defendant. While plaintiff does use boilerplate complaints, often changing only the named parties, he also tailors each complaint by including attachments exhibiting the alleged violation specific to the named defendant. *See Evergreen Dynasty*, 500 F.3d at 1061 ("[T]he textual and factual similarity of a plaintiff's complaints, standing alone, is not a basis for finding a party to be a vexatious litigant. Accessibility barriers can be, and often are, similar in different places of public accommodation, and there is nothing inherently vexatious about using prior complaints as a template."). This case thus is unlike *Wood v. Santa Barbara Chamber of Commerce, Inc*., in which the plaintiff brought thirty-five lawsuits stemming from the same claim for copyright infringement, "produc[ing] a morass of litigation, into which he [] pulled over 250 defendants and, at one point, over 30 district courts . . . clearly show[ing] . . . that, unless enjoined, he [would] continually attempt to renew his conflict." 705 F.2d 1515, 1525 (9th Cir. 1983). *See David v. Merritt*, No. C 12-00672 CRB, 2012 U.S. Dist. LEXIS 79886, at *10 (N.D. Cal. Jun. 8, 2012) (declaring plaintiff a vexatious litigant where he filed four duplicative suits that were "purposefully unintelligible" and as a result "appear[ed] to be causing needless expense to other parties and put an unnecessary burden on the courts").

Defendant further contends plaintiff's allegations are not credible. (*Id.* at 18-19.) "[I]n finding that a pattern of harassment exists, a district judge needs to be careful not to include that particular types of actions filed repetitiously are harassing. Instead, the district judge needs 'to discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court.'" *Id.* at 1148 n.3 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). Here, defendant has shown only that plaintiff files many similar types of actions;

defendant, speaking for itself, does not claim a pattern of harassment. Unlike in *Evergreen Dynasty Corp*., where the Ninth Circuit upheld the district court's finding a litigant vexatious where he alleged he sustained the same physical injuries multiple times in one day performing the same activities, 500 F.3d at 1059, here plaintiff's admittedly general allegations of "humiliation, embarrassment, emotional damage and minimal physical injury" are not unreasonable. In *Evergreen Dynasty*, the court reasoned "[c]ommon sense dictates that Molski would have figured out some way to avoid repetitive injury-causing activity," and that the district court's finding that the plaintiff's injury allegations were fabricated was not clearly erroneous. *Id.* The court cannot make such a finding given the facts presented here.

Moreover, plaintiff's high rate of settlement and the amount for which he settles do not establish a pattern of harassment. The Unruh Act provides for statutory damages of at least $4,000 for "each and every" violation of its provisions. CAL. CIV. CODE § 52(a). Plaintiff's actions are within the letter of the law. Furthermore, plaintiff's actions are not as egregious as those of the plaintiff in *Evergreen Dynasty*, in which the court found that the plaintiff "sought damages of not less than $4000 for each day that a facility did not comply with the ADA [and] would often wait to file suit until a full year elapsed since his visit to the defendants' establishments [so that] defendants often faced claims for statutory damages of over one million dollars." In those circumstances, "it was not clearly erroneous for the district court to find [the plaintiff's] litigation strategy evidenced an intent to harass businesses into cash settlement." *Id.* 500 F.3d at 1060.

In light of the record before the court, defendant has not shown that plaintiff's numerous cases are patently without merit or shown a pattern of harassment.

////

////

4. Narrowly Tailored

Because the court finds a pre-filing order is not warranted, it need not consider narrow tailoring.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED and its motion for an order declaring plaintiff a vexatious litigant is DENIED.

IT IS SO ORDERED.

DATED: January 7, 2013.

UNITED STATES DISTRICT JUDGE